**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HAROLD PERKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-1459-NJR** |
| | ) | |
| | ) | |
| **USP MARION and FEDERAL** | ) | |
| **BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Harold Perkins, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at U.S. Penitentiary-Marion ("USP–Marion"), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Perkins alleges medical malpractice, negligence, and deliberate indifference during the Covid-19 pandemic. Specifically, he alleges that he was housed in an overcrowded cell during the pandemic which could turn his 70-month sentence into a "death sentence" (Doc. 1, p. 1). He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Perkins makes the following allegations:  On September 25, 2019, Perkins arrived at USP–Marion and was placed in general population, in L Unit, in a three-man cell (*Id*. at p. 5). Perkins feared contracting Covid-19 in such close proximity to other inmates, and his anxiety levels rose as a result (*Id*.). Perkins alleges that three-man cells are no longer permissible in the BOP and are especially dangerous due to the Covid-19 pandemic (*Id*. at p. 2). Perkins maintains that USP-Marion is acting with deliberate indifference by continuing to house inmates in three-man cells as opposed to two. Perkins also alleges that USP-Marion has admitted disregarding personal protection equipment ("PPE") protocols, Center for Disease Control guidelines, and federal law. The prison merely pays fines administrated by the government rather than comply (*Id*.).

There is no indication in the Complaint that Perkins contracted Covid-19; instead, he merely alleges that housing him in a three-man cell puts him at risk of dying if he gets infected with Covid-19 (*Id*.). Perkins maintains that he signed a plea deal for 70-months' imprisonment, but USP-Marion will make his sentence a "death sentence" if he continues to be housed in a three-man cell and contracts Covid-19.

## Discussion

There are a number of issues with Perkins's Complaint. He seeks damages and injunctive relief for what he labels as "medical malpractice, medical negligence, and

deliberate difference in violation of the Eighth Amendment," but his factual allegations indicate a claim of conditions of confinement (Doc. 1, p. 1). He alleges that the number of inmates in a single cell puts him at risk of contracting Covid-19. He also cites to the Fifth, Sixth, and Fourteenth Amendments as a basis for his claims, but he does not further explain what claims could be raised under those Amendments. The Court also cannot discern whether Perkins is pursuing a claim for denial of medical care related to his exposure to Covid-19 or a claim for unconstitutional living conditions based on his small cell, or both. The allegations are simply too vague and ambiguous given that he alleges medical malpractice but only describes conditions of his cell.

The distinction as to the nature of his claim is an important one. In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court explained that federal courts should not expand a remedy under *Bivens* into contexts not already officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. The Court cited three instances in which a *Bivens* remedy has been recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Id*. at 1854-55 (citations omitted). In a case such as the one Perkins brings here, a claim against federal officials for money damages arising from the denial of medical care for Covid-19 would most likely proceed post-*Abbasi*, but a claim against federal agents for money damages based on unconstitutional living conditions may represent an expansion of the *Bivens* remedy that is not authorized post-*Abbasi*, unless special factors counsel otherwise. Without basic

factual allegations describing the exact nature of Perkins's claim, the Court simply cannot tell whether his claim can proceed.

Further, Perkins cannot state a claim against USP-Marion or the BOP for money damages. These defendants are not *individual* federal agents, and *Bivens* only offers a damages remedy for certain constitutional violations against *individual* officers. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). This damages remedy does not extend to the employer of individual federal agents. *Id*. at 71-72 & n.2; *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Thus, he cannot seek monetary damages from either the prison or BOP. To the extent he seeks injunctive relief, however, the Supreme Court has allowed an equitable action for such relief against a federal agency to proceed in *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988). Thus, the BOP could be a proper party for injunctive relief, but at this time Perkins does not state a viable claim to proceed. It is not clear whether Perkins suffered from a serious medical condition and any individual acted with deliberate indifference. Nor does he describe the specifics of his cell, including the exact dimensions or whether the cell included plumbing and furniture that would reduce the size. He also does not indicate that he informed any individual official about the conditions he faced and whether they acted with deliberate indifference.

Accordingly, the Complaint is **DISMISSED without prejudice**. Perkins will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he

chooses to do so, Perkins must comply with the instructions and deadlines set forth below.

**<u>Disposition</u>**

For the reasons stated above, Perkins's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before J**une 3, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Perkins's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Perkins must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Perkins is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

5

Finally, Perkins is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  May 6, 2022**

_____
   **NANCY J. ROSENSTENGEL**
   **Chief U.S. District Judge**