IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HAROLD PERKINS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**USP MARION and FEDERAL BUREAU OF PRISONS,**<br><br>    **Defendants.** | Case No. 21-cv-1459-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Harold Perkins brought this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). His Complaint (Doc. 1) alleged medical malpractice, negligence, and deliberate indifference during the Covid-19 pandemic. On May 6, 2022, his Complaint was dismissed without prejudice for failure to state a claim (Doc. 8). His allegations were vague and ambiguous. He also failed to identify a proper defendant (*Id.*). Perkins was granted leave to amend his Complaint (*Id.* at p. 5). On May 26, 2022, he was granted an extension to file an Amended Complaint (Doc. 10). His Amended Complaint was due June 24, 2022 (*Id.*). As of this date, Perkins has neither filed his Amended Complaint nor sought additional time to file an amended pleading.

  The Court will not allow this matter to linger indefinitely. Accordingly, this entire action is **DISMISSED with prejudice**, based on Perkins's failure to comply with the Court's Order (Doc. 8) to file an Amended Complaint. Fed. R. Civ. P. 41(b); *Ladien v.*

*Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Perkins wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Perkins does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   July 7, 2022

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**